IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANK JONES,
      Plaintiff,

vs.                             Case No.: 5:07cv190/RS/EMT

DEPARTMENT OF CORRECTIONS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a "Motion Request for TRO (for Temporary Restraining Order)" (Doc. 11). He requests a preliminary injunction to "prevent harm . . . STOP harassment; intimidation, or civil rights violations; injury's [sic] that could not be measured" (*id.* at 1) (emphasis in original).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.      There is a substantial likelihood that plaintiff will prevail on the merits;

    2.      There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3.      The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.      The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric.,

734 F.2d 774 (11th Cir. 1984); <u>Canal Auth. of State of Fla. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. <u>Procunier v. Martinez</u>, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by* <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); <u>Newman v. Alabama</u>, 683 F.2d 1312, 1320 (11th Cir. 1982), *cert. denied*, 460 U.S. 1083, 103 S. Ct. 1773, 76 L. Ed. 2d 346 (1983). The very nature of lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights . . . ." <u>Pell v. Procunier</u>, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974) (quoting <u>Price v. Johnston</u>, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948)). As the Supreme Court stated in <u>Bell v. Wolfish</u>, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979) (citations omitted):

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

In the instant motion, Plaintiff generally requests that the court take immediate action to prevent harm and stop harassment, intimidation, and civil rights violations (*see* Doc. 11 at 1). Plaintiff has attached several grievances to the motion, apparently in support of the motion (*see id.,* attachs.). The grievances appear to document Plaintiff's complaints about not being provided with a cane on or about February 3, 2006, not being able to exercise or work outside one day per week in February 2006, and not being housed in a low bunk in February 2006 (*see id.* at 2, 3). Plaintiff additionally attached documentation reflecting that he was placed in administrative confinement in July 2006 after verbally disrespecting a correctional officer (*see id.* at 5). Finally, Plaintiff attached to his motion a document entitled "Department of Corrections Corrective Consultation of Inmate" (*see id.* at 6). The "Violation" section of this document is illegible, but Plaintiff wrote on the bottom that he requested x-rays and medical attention in August 2007 but was denied both (*id.*). Other than the attached grievances, Plaintiff has alleged no facts in support of his motion or made any argument in support of his motion.

Plaintiff has not clearly established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted. Indeed, the attachments to Plaintiff's complaint suggest that most of the events of which he appears to complain occurred more than one year ago, did not result in any injury, and are not recurring. Regarding the August 2007 request for medical attention, Plaintiff has provided only scant facts on a partially illegible document and has certainly not established the prerequisites for injunctive relief. Specifically, Plaintiff has not established that there is a substantial likelihood that he will prevail on the merits, that there exists a substantial threat that he will suffer irreparable injury if this motion is not granted, that the injury he is threatened with outweighs the threatened harm the injunction will do to Defendants, or that granting this motion will not disturb the public interest. *See* CBS Broadcasting, 265 F.3d at 1200. In short, on the basis of the facts presented, Plaintiff has failed to carry his burden of persuasion and the court should not grant his request for extraordinary relief.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion Request for TRO (for Temporary Restraining Order)" (Doc. 11) be **DENIED**.

At Pensacola, Florida, this 18th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

        Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.: 5:07cv190/RS/EMT